UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CANDICE JENE CECILIA BERRETH, Petitioner, v. JENKINS, Warden, Respondent. | Case No. 17-07324 EJD (PR)<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
|---|---|

Petitioner, a federal prisoner at the Federal Prison Camp in Dublin, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the denial of earlier release. Respondent filed an answer, asserting the petition should be dismissed on various grounds, and denied as without merit. (Docket No. 8, hereinafter "Ans.") In support of their answer, Respondent submits the declaration of Jennifer Vickers, a paralegal specialist employed by the Federal Bureau of Prisons ("BOP"), along with exhibits. (Docket No. 8-1.) Petitioner did not file an opposition although given an opportunity to do so. For the reasons set forth below, the motion to dismiss is **GRANTED** and the petition is **DENIED** on the merits.

///

///

## I. BACKGROUND

On October 30, 2014, a search warrant was executed at Petitioner's home. (Ans. at 2.) In a safe in the bedroom, officers found 416 grams of methamphetamine, which at 98% pure, resulted in 342.3 grams of actual methamphetamine. Along with the drugs in the safe was a .38 caliber handgun, with three boxes of ammunition. (Ans., Vickers Decl. ¶ 2, Ex. 3.)

On April 28, 2015, Petitioner pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). As part of the plea agreement, "the parties stipulate[d] to the applicability of USSG § 2D1.1(b)(1) because firearms were present and connected to defendant's methamphetamine distribution." (Vickers Decl. ¶ 2, Ex. 3.) The pre-sentence investigation report ("PSI") recommended a two point enhancement "because defendant possessed a firearm which was located in the same safe as the drugs." (Id.) On November 10, 2015, the United States District Court for the District of Oregon sentenced Petitioner to a 60-month term of imprisonment. (Id., Ex. 2.)

On June 3, 2016, Petitioner was interviewed for participation in the Residential Drug Abuse Program ("RDAP"). (Vickers Decl. ¶ 4, Ex. 4.) After the interview, the Drug Abuse Program Coordinator ("DAPC") forwarded a request to the Designation and Sentence Computation Center ("DSCC") for a review by legal staff to determine whether Petitioner was eligible for early release pursuant to 18 U.S.C. § 3621(e). (Id.)

On December 20, 2016, the BOP legal staff determined Petitioner's current offense, specifically the violation of 21 U.S.C. § 841, precluded early release eligibility because: (1) the offense "involved the carrying, possession, or use of a firearm or other dangerous weapon.... (28 C.D.R. § 550.55(b)(5)(ii); and (2) the offense "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii)." (Vickers Decl. ¶ 4, Ex. 4.) This was based on the review of the PSI, which recommended a 2 point enhancement for possession of a weapon, and which was adopted by the court at sentencing. (Id.)

On October 10, 2017, Petitioner completed the residential portion of the RDAP; the transitional portion remains. (Vickers Decl. ¶ 5, Ex. 5.)

On December 27, 2017, Petitioner filed the instant federal habeas action, claiming that she is eligible for earlier release under 18 U.S.C. § 3621(e) because she has successfully completed RDAP.

## II. DISCUSSION

### A. Motion to Dismiss

Respondent first argues that the Court lacks jurisdiction to review the individualized decision that Petitioner's current offenses preclude her from eligibility for early release. (Ans. at 3.) Respondent moves for dismissal under Fed. R. Civil. P. 12(b)(1), for lack of subject matter jurisdiction. (Id.) In support, Respondent relies on the Ninth Circuit decision in Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011), which expressly held that "federal courts lack jurisdiction to review the BOP's individualized RDAP determinations pursuant to 18 U.S.C. § 3621…[.]" Id. at 1228. Moreover, the plain language of 18 U.S.C. § 3625 specifies that 5 U.S.C. §§ 701-706 do not apply to "the making of any determination, decision, or under" under § 3621. (Ans. at 4.) As such, the Court agrees that because Congress has acted to preclude judicial review of BOP's individualized decision concerning Petitioner's eligibility for early release under § 3621, this Court lacks subject matter jurisdiction over this matter.

Second, Respondent argues that the petition must be dismissed for failure to state a claim upon which relief may be granted. (Ans. at 5.) Because Petitioner is a federal prisoner, she must allege that she is in custody in violation of the Constitution or federal law in order to state a claim under § 2241. 28 U.S.C. § 2241(c)(3). Respondent asserts that the denial of early release in Petitioner's case does not violate the Constitution or federal law because Petitioner has no liberty interest in being released prior to the expiration of a valid sentence. (Ans. at 5.) Respondent is correct. As Respondent points out, the authority to grant early release under § 3621(e) is clearly discretionary, such that

3

Petitioner has no expectation of entitlement to receive early release: "The period a prisoner convicted of a nonviolent felony remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C § 3621(e)(2) (emphasis added); see also, Jacks v. Crabtree, 114, F.3d 983, 986 n. 4 (9th Cir. 1997) (rejecting petitioner's claim that § 3621(e)(2)(B) creates a due process liberty interest because it is written in "nonmandatory language"). Accordingly, it cannot be said that Petitioner has a right to receive an earlier release such that the denial of it violates her constitutional or federal right. Therefore, the motion to dismiss for failure to state a claim should also be granted.

B. **Denial on the Merits**

Lastly, Respondent asserts that even if the Court were to decide the claim on the merits, the petition must be denied because the BOP properly applied 28 C.F.R. § 550.55 to disqualify Petitioner from early release eligibility. (Ans. at 7.) Since March 16, 2009, all early release decisions have been governed by 28 C.F.R. § 550.55. Furthermore, there is no issue that 28 C.F.R. § 550.55 is valid since the Ninth Circuit upheld it in Peck v. Thomas, 697 F.3d 767, 772-73 (9th Cir. 2012) ("The Bureau did not violate the EPA in enacting 28 C.F.R. § 550.55(5)(5)(ii)."). Petitioner has filed no traverse showing otherwise.

Here, the record shows that Petitioner possessed a firearm in connection with her underlying conviction, as the firearm in question was found with the drugs for which she was convicted. See supra at 2. Indeed, Petitioner stipulated in the plea agreement "to the applicability of USSG § 2D1.1(b)(1) because firearms were present and connected to defendant's methamphetamine distribution." (See Vickers Decl., Ex. 3.) Petitioner's eligibility for early release was reviewed in December 2016, and therefore subject to 28 C.F.R. § 550.55. Based on these facts, it was clearly not unreasonable for the BOP to deem Petitioner ineligible under subsection (5)(ii)( "inmate's current offense conviction involved the carrying, possession or use of a firearm"), as well as subsection (5)(iii) ("in

mate's current offense conviction by its nature or conduct, presents a serious potential risk of physical force against the person or property of another"). See supra at 2. Accordingly, the petition must be dismissed as without merit.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss and to deny the petition on the merits, (Docket No. 8), is **GRANTED**. The instant petition for a writ of habeas corpus is **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim for relief, as well as **DENIED** as without merit.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Dated: 3/28/19

EDWARD J. DAVILA
United States District Judge

Order Granting Motion to Dismiss & Denying Petition
P:\PRO-SE\BLF\HC.17\07324Berreth_mtd&denyHC

5